E-FILED
Tuesday, 14 July, 2020  05:22:20 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-cr-30052** |
| | ) | |
| **ORRIN HOLMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Orrin Holman's Amended Motion for Compassionate Release (d/e 66) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On October 5, 2018, Defendant Orrin Holman pled guilty to Count 1 of the Indictment for possessing with intent to distribute more than 500 grams of mixtures or substances containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) and to Count 2 for possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §

924(c)(1)(A)(i).  On February 22, 2019, Defendant was sentenced to
60 months' imprisonment on Count 1 and 60 months'
imprisonment on Count 2 to be served consecutively and a 4-year
term of supervised release on both Counts to be served
concurrently.  Defendant is currently serving his sentence at FCI
Forrest City Low, and he has a projected release date of August 26,
2025.

On June 19, 2020, Defendant filed a pro se motion for
compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See
d/e 64.  On June 26, 2020, following the appointment of the
Federal Public Defender's Office to represent Defendant, an
Amended Motion for Compassionate Release was filed.  See d/e 66.
Defendant seeks compassionate release due to his health issues
and the COVID-19 pandemic.  Defendant argues that the Court
should waive the prerequisites for defendant filing such a motion,
which are found in 18 U.S.C. § 3582(c)(1)(A).

On July 8, 2020, the Government filed a response opposing
Defendant's motion.  See d/e 68.  The Government argues that the
Court lacks the authority to grant Defendant's motion because
Defendant has not exhausted his administrative rights with the

Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. <u>See</u> 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). <u>See</u> First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases.  The decision must be made on a case-by-case basis.

In this case, Defendant failed to pursue any administrative remedy prior to his motion.  The Court excuses Defendant Holman's failure to exhaust his administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

Defendant is a 35-year-old African American male who is a former smoker.  See Amended Motion, d/e 66, pg. 2.  The CDC states that people who smoke "might be at an increased risk for serve illness from COVID-19," which is different than the CDC's list of conditions for which individuals "**are at increased risk** of severe illness from COVID-19."  See People of Any Age with Underlying

Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-
ncov/need-extra-precautions/people-with-medical-conditions.html
(last accessed July 14, 2020)(explaining that "COVID-19 is a new
disease.  Currently there are limited data and information about the
impact of underlying medical conditions and whether they increase
the risk for severe illness from COVID-19.").  There is no other
evidence that Defendant faces an increased risk of severe illness or
death from COVID-19.

The COVID-19 pandemic does not warrant the release of every
federal prisoner with medical concerns.  While the Court is
sympathetic to Defendant's health, he has not shown that he would
be at a higher risk at FCI Forrest City Low than he would be if
released.  FCI Forrest City Low has 1,891 total inmates.  See FCI
Forrest City Low, Federal Bureau of Prisons,
https://www.bop.gov/locations/institutions/for/ (last accessed
July 14, 2020).  As of July 14, 2020, there are 28 inmates and 2
staff member with active confirmed cases of COVID-19 at FCI
Forrest City Low.  See COVID-19 Cases, Federal Bureau of Prisons,
https://www.bop.gov/coronavirus/ (last accessed July 14, 2020).
While FCI Forrest City Low previously saw an outbreak of COVID-

19 cases, more than 650 inmates and 3 staff members have recovered and there have been no deaths.  Id.

The Court considers that Defendant is currently serving a total of 120-month term of imprisonment, which consists of 60 months for possessing with intent to distribute over 500 grams of cocaine and 60 months for possessing a firearm in furtherance of a drug trafficking crime.  Defendant has only served less than 4 years of his 10-year sentence.  The Court finds, after reconsideration of the factors in § 3553(a), that Defendant is not entitled to compassionate release.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Holman's pro se motion for compassionate release (d/e 64) and amended motion for compassionate release (d/e 66) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is

DIRECTED to send a copy of this Opinion to FCI Forrest City Low.

ENTER:  July 14, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
